UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SIMON CHAN,<br><br>             Appellant,<br><br>     v.<br><br>LOIS I. BRADY, et al.,<br><br>             Appellees. | Case No. 20-CV-06569-LHK<br><br>**ORDER AFFIRMING BANKRUPTCY COURT'S ORDER RE: APPELLANT'S RICO CLAIMS**<br><br>Re: Dkt. No. 14 |

Appellant Simon Chan ("Appellant") appeals the Bankruptcy Court's order regarding Appellant's claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO") against Michael Scott Frazer, Alan Miller, William Chan, Michelle Chan, Jeff Chang, Tomas Velken, and Julie Lam (collectively, "the Frazer Creditors"). In that order, the Bankruptcy Court granted Trustee Lois I. Brady's ("bankruptcy trustee") motion to approve settlement of Appellant's RICO claims and denied Appellant's motion to compel abandonment of Appellant's RICO claims. Having considered the parties' submissions, the relevant law, and the record in this case, the Court AFFIRMS the Bankruptcy Court's order regarding Appellant's RICO claims.

**I.    BACKGROUND**

   **A.  The January 24, 2018 Statement of Decision**

On March 28, 2014, the Frazer Creditors sued Appellant in California Superior Court for the County of Contra Costa and alleged that Appellant defrauded the Frazer Creditors in connection with a real estate investment venture in Beijing, China. Appellant's ER 80–96, 107; *see also Chan v. Frazer*, 620 B.R. 106, 108 (N.D. Cal. 2020). According to the Frazer Creditors, Appellant received funds from the Frazer Creditors but never provided an accounting or any records regarding these funds. Appellee's ER at 84–86. Instead, Appellant deposited the funds into his personal bank accounts and placed title to the condominium units in his name. *Id*. The Frazer Creditors claimed that Appellant concealed this information and made misrepresentations about the status of the investments. *Id*. at 84–85, 91–92. As a result, the Frazer Creditors alleged causes of action for intentional fraud and deceit, negligent misrepresentation, breach of fiduciary duty, unfair business practice, and unjust enrichment. *Id.* at 87.

On January 24, 2018, following a bench trial, the California Superior Court issued detailed factual findings and conclusions of law in a 17-page Statement of Decision. *Id.* at 80–96. The Statement of Decision rejected all of Appellant's cross claims, *id.* at 93–95, and found in favor of the Frazer Creditors on all their causes of action except their negligent misrepresentation claim. *Id.* at 87–91. Accordingly, the California Superior Court awarded compensatory damages as follows: $373,109 for Julie Lam; $263,371 for Michael Scott Frazer; $131,686 for Jeff Chang; $131,686 for William and Michelle Chan; $131,686 for Tomas Velken; and $131,686 for Alan Miller. *Id.* at 93.

**B. Appellant's Chapter 7 Bankruptcy Proceedings**

On January 25, 2018, one day after the Statement of Decision was issued, Appellant filed a Chapter 7 bankruptcy petition in this district. *Id.* at 4–5. This automatically stayed the California Superior Court action before the California Superior Court could conduct the punitive damages trial and before the California Superior Court entered judgment. *See* 11 U.S.C. § 362 (stating that the initiation of bankruptcy proceedings triggers an automatic stay of the continuation of any "judicial, administrative, or other action or proceeding" against the debtor).

On August 9, 2019, the Bankruptcy Court entered an order denying Appellant's motion for

2

Case No. 20-CV-06569-LHK
ORDER AFFIRMING BANKRUPTCY COURT'S ORDER RE: APPELLANT'S RICO CLAIMS

summary judgment and granting the Frazer Creditors' motion for summary judgment as to compensatory damages. *Chan v. Frazer*, 620 B.R. at 110. On August 23, 2019, Appellant filed a notice of appeal of the Bankruptcy Court's order. *Id.* On August 17, 2020, this Court affirmed the Bankruptcy Court's order granting the Frazer Creditors' motion for summary judgment as to compensatory damages. *Id.* at 110–14. This Court concluded that Appellant was barred from relitigating compensatory damages by the doctrine of collateral estoppel. *Id.*

### C. Appellant's Potential RICO Claims

On July 8, 2019, more than a year after Appellant filed his petition for bankruptcy, Appellant amended his Schedules A/B, which list property, to include potential RICO, malicious prosecution, and abuse of process claims (collectively, the "RICO claims") against the Frazer Creditors and their attorneys Hussein Saffouri and James Walsh with a value of $0. Appellee's ER 33, 35. Appellant states that his RICO claims allege that, in the state court litigation between the Frazer Creditors and Appellant, the Frazer Creditors committed perjury when they testified regarding which version of the private placement memorandum they relied on when determining whether to invest in the Beijing project and when they denied any knowledge of a legal opinion that stated that the investment funds had to be held in Appellant's personal account. Appellant's ER 165–70. On October 23, 2019, Appellant amended his Schedules A/B to change the value of the RICO claims from $0 to $2,500,000. Appellee's ER 40, 42.

On April 10, 2020, the bankruptcy trustee agreed to settle the RICO claims with the Frazer Creditors for $7,500, subject to overbids and bankruptcy court approval. *Id.* at 218–25. On April 13, 2020, the bankruptcy trustee served a Notice of Intent to Compromise Potential RICO Claims. *Id.* at 187–89. Appellant did not submit an overbid for the RICO claims, and no creditors objected to the settlement of the RICO claims. However, Appellant opposed the settlement of the RICO claims. Appellant's ER 454–78.

On April 10, 2020, Appellant filed a motion to compel abandonment of the RICO claims on the grounds that the RICO claims are burdensome and of inconsequential value. Appellee's ER 61–63. The bankruptcy trustee opposed the motion on the grounds that she had already settled the

3

RICO claims for $7,500, and accordingly, the RICO claims were neither burdensome nor of inconsequential value. *Id.* at 66–70.

On June 10, 2020, the Bankruptcy Court entered an order approving the bankruptcy trustee's settlement of the RICO claims and denying Appellant's motion to compel abandonment of the RICO claims. Appellant's ER 2–8. The Bankruptcy Court approved the bankruptcy trustee's settlement of the RICO claims because the Bankruptcy Court concluded that "the likelihood of success on the RICO claims is decidedly cloudy"; the RICO claims were complex and time-consuming to litigate; and the paramount interest of Appellant's creditors is to settle the case and allow the bankruptcy trustee to prepare to disburse funds. *Id.* at 6–7. Given the bankruptcy trustee's proposed settlement, the Bankruptcy Court denied Appellant's motion to compel abandonment of the RICO claims. *Id.* at 3.

On September 18, 2020, Appellant filed a timely notice of appeal of the Bankruptcy Court's order regarding the RICO claims. ECF No. 1. On March 18, 2021, Appellant filed an opening brief. ECF No. 14 ("Appellant's Br."). On April 15, 2021, the bankruptcy trustee filed a response brief. ECF No. 15 ("Appellee's Br."). On May 14, 2021, Appellant filed a reply brief. ECF No. 18 ("Appellant's Reply").

## II.   LEGAL STANDARD

A federal district court has jurisdiction to entertain an appeal from a bankruptcy court under 28 U.S.C. § 158(a), which provides that "[t]he district courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees[ ] of bankruptcy judges[.]" On appeal, a district court reviews a bankruptcy court's conclusions of law de novo, and the bankruptcy court's factual findings for clear error. *In re Greene*, 583 F.3d 614, 618 (9th Cir. 2009) (citing *In re Raintree Healthcare Corp.*, 431 F.3d 685, 687 (9th Cir. 2005)); *In re Salazar*, 430 F.3d 992, 994 (9th Cir. 2005) ("We review the bankruptcy court's conclusions of law de novo and its factual findings for clear error.").

## III.   DISCUSSION

Appellant contends that the Bankruptcy Court erred in granting the bankruptcy trustee's

motion to approve settlement of Appellant's RICO claims and denying Appellant's motion to compel abandonment of Appellant's RICO claims. The Court discusses in turn each motion that the Bankruptcy Court ruled on.

### A. The Bankruptcy Trustee's Motion for Approval of the Settlement of the RICO Claims

Appellant contends that: (1) the Bankruptcy Court erred in approving the settlement; (2) the Bankruptcy Court lacked jurisdiction to approve the settlement; (3) the Bankruptcy Court erred in approving the settlement without a full evidentiary hearing; and (4) the bankruptcy trustee had conflicts of interest in approving the settlement. These arguments lack merit. The Court addresses each argument in turn.

#### 1. The Bankruptcy Court did not err in approving the settlement.

First, Appellant contends that the Bankruptcy Court erred in approving the settlement. After a petitioner files for bankruptcy, any causes of action possessed by the petitioner at the time of the filing of the petition become the property of the estate. *See* 11 U.S.C. § 541(a)(1) (stating that "legal or equitable interests of the debtor in property as of the commencement of the case" are assets of the estate); *Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705, 707 (9th Cir. 1986) ("The scope of section 541 is broad, and includes causes of action."). As the representative of the estate, the bankruptcy trustee can administer property of the estate, including liquidating causes of action. *See* 11 U.S.C. § 704(a)(1).

Federal Rule of Bankruptcy Procedure 9019(a) permits the bankruptcy court to approve settlements. *See* Fed. R. Bankr. P. 9019(a). However, the bankruptcy court's role in approving a settlement is limited. *In re Pac. Gas & Elec. Co.*, 304 B.R. 395, 416 (Bankr. N.D. Cal. 2004). "Rather than an exhaustive investigation or a mini-trial on the merits, [the bankruptcy court] need only find that the settlement was negotiated in good faith and is reasonable, fair and equitable." *Id.* at 417. The bankruptcy court's "proper role is 'to canvas the issues and see whether the settlement falls beyond the lowest point in the range of reasonableness.'" *Id.* (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 134 B.R. 493, 496–97 (Bankr. S.D.N.Y. 1991)).

In determining whether a settlement is reasonable, fair, and equitable, the court must consider: "(a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of creditors and a proper deference to their reasonable views." *In re A&C Properties, Inc.*, 784 F.2d 1377, 1381–83 (9th Cir. 1986) (quotation omitted). Not all of these factors need to be satisfied as long as they favor approval of the settlement as a whole. *In re Pac. Gas & Elec. Co.*, 304 B.R. at 416–17.

In the instant case, the Court analyzes three out of the four *A&C Properties* factors. Because all three of these factors favor approval of the settlement, the Court need not reach the fourth factor. *Id.*

First, looking at the probability of success in the litigation, the Bankruptcy Court reasonably concluded that the likelihood of success on the RICO claims was "decidedly cloudly." Appellant's ER 6. Appellant's potential RICO claims stem from the state court litigation between Appellant and the Frazer Creditors. *Id.* at 165–70. Specifically, Appellant alleges that the Frazer Creditors committed perjury when they testified regarding which version of the private placement memorandum they relied on when determining whether to invest in the Beijing project and when they denied any knowledge of a legal opinion that stated that the investment funds had to be held in Appellant's personal account. *Id.*

However, the Frazer Creditors vehemently dispute Appellant's allegations. Appellee's ER 92–94 (assertion by Frazer Creditors' attorney that Appellant's RICO claims "have absolutely no merit"). Furthermore, the Frazer Creditors testified regarding these issues and were subject to cross-examination by Appellant, and there is no reason to suspect that they will change their testimony. Moreover, the record suggests that these issues did not play a significant role in the state court's decision. *See, e.g.*, Appellant's ER 82 (Statement of Decision) ("There was some dispute as to which version of the [private placement memorandum] was provided to each of the plaintiffs, but the court finds that the versions supplied to each of them included the representations of the manager's China real estate experience described above."); Appellee's ER

1    85 (Appellant's RICO attorney, acknowledging that the legal opinion did not come up in the state

2    court trial). Finally, Appellant made similar allegations in July of 2019 and quickly voluntarily

3    dismissed the case. *Id.* at 92. These circumstances suggest that the RICO claims were unlikely to

4    succeed.

5    Furthermore, the Bankruptcy Court reasonably concluded that RICO claims are complex

6    claims that are expensive and time-consuming to litigate. Appellant's ER 7. ("There is little

7    question that RICO claims are complex, time consuming allegations to pursue."). Even

8    Appellant's own proposed RICO attorney conceded that RICO litigation is time-consuming and

9    costly. Appellee's ER 88–89.

10   Finally, as to the interest of the creditors, the Bankruptcy Court reasonably concluded that

11   their interest was to settle the bankruptcy and allow the bankruptcy trustee to prepare to disburse

12   funds. *Id.* Indeed, no creditor objected to the settlement.

13   Accordingly, three of the four *A&C Properties* factors favor settlement. Because the *A&C*

14   *Properties* factors favored approval of the settlement as a whole, the Bankruptcy Court did not

15   need to analyze the fourth factor. *In re Pac. Gas & Elec. Co.*, 304 B.R. at 416–17. Thus, the

16   Bankruptcy Court did not err in approving the settlement of Appellant's RICO claims.

17   **2. The Bankruptcy Court had jurisdiction to approve the settlement.**

18   Second, Appellant contends that the Bankruptcy Court lacked jurisdiction to approve the

19   settlement of Appellant's RICO claims. Appellant's Br. at 13–23. Specifically, Appellant asserts

20   that Appellant's RICO claims are a non-core proceeding over which the Bankruptcy Court lacked

21   jurisdiction. *Id.*

22   "Bankruptcy judges may hear and determine all cases under title 11 and all core

23   proceedings arising under title 11, or arising in a case under title 11 . . . ." 28 U.S.C. § 157(b)(1).

24   Core proceedings include "matters concerning the administration of the estate," and "other

25   proceedings affecting the liquidation of the assets of the estate." 28 U.S.C. § 157(b)(2)(A), (O).

26   Under this definition, the settlement of the RICO claims is a core proceeding. Indeed, the

27   settlement of the RICO claims "concern[s] the administration of the estate" because the RICO

28

7
Case No. 20-CV-06569-LHK
ORDER AFFIRMING BANKRUPTCY COURT'S ORDER RE: APPELLANT'S RICO CLAIMS

claims are assets of the estate. 28 U.S.C. § 157(b)(1). The RICO claims are assets of the estate because they are "legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1); *see also Sierra Switchboard Co.*, 789 F.2d at 707 ("The scope of section 541 is broad, and includes causes of action.").

Appellant contends that the RICO claims are not a core proceeding. Appellant's Br. at 13–23. However, Appellant's argument conflates the settlement of the RICO claims with the bringing of a lawsuit advancing RICO claims. Even if a lawsuit advancing RICO claims is not a core proceeding, the settlement of the RICO claims is a core proceeding because it "concern[s] the administration of the estate." 28 U.S.C. § 157(b)(1); *see also In re Milden*, 111 F.3d 138 (9th Cir. 1997) ("The compromise and settlement of claims held by the estate are matters concerning the administration of the estate and the liquidation of estate assets. Approval of the compromise and settlement of claims thus constitutes a 'core proceeding' within bankruptcy court jurisdiction."). Because the Court concludes that the settlement of the RICO claims is a core proceeding, the Court concludes that the Bankruptcy Court had jurisdiction to approve the settlement of the RICO claims. *See* 28 U.S.C. § 157(b)(1) (stating that bankruptcy judges have jurisdiction over "core proceedings").

### 3. The Bankruptcy Court did not err by not holding a full evidentiary hearing before approving the settlement.

Third, Appellant contends that the Bankruptcy Court erred in granting the bankruptcy trustee's motion to approve the settlement of Appellant's RICO claims because the Bankruptcy Court failed to hold a full evidentiary hearing prior to approving the settlement. Appellant's Br. at 17–18.

However, Appellant did not raise this argument before the Bankruptcy Court and thus waived this argument. "A litigant may waive an issue by failing to raise it in a bankruptcy court." *In re Mortg. Store,* Inc., 773 F.3d 990, 998 (9th Cir. 2014). A court has discretion to consider an argument raised for the first time on appeal if there are "exceptional circumstances." *Id.* Here, however, Appellant has entirely failed to explain why he did not raise the argument before the

8

Bankruptcy Court despite the opportunity to do so. "A party's unexplained failure to raise an argument that was indisputably available below is perhaps the least 'exceptional' circumstances warranting our exercise of . . . discretion." *In re Ahn*, 804 Fed. App'x 541, 543 (9th Cir. 2020).

Even if the Court were to consider Appellant's argument, Appellant's argument fails on the merits. "It is clear that Rule 9019(a) itself does not expressly obligate the court to hold an evidentiary hearing prior to approving a compromise under Rule 9019(a)." *Depoister v. Mary M. Holloway Foundation*, 36 F.3d 582, 586 (7th Cir. 1994). Accordingly, courts have held that an evidentiary hearing need not always be held before a settlement can be approved. *See id*. at 586 (rejecting argument that the bankruptcy court's approval of the settlement should be reversed because the bankruptcy court failed to hold an evidentiary hearing); *In re Kent*, 2008 WL 5047821, at *1 (Bankr. D. Ariz. July 25, 2008) ("[T]he Court is not required to hold a full evidentiary hearing or 'mini-trial' before a compromise can be approved.") (quotation omitted); *see also In re International Fibercom, Inc.*, 503 F.3d 933, 946 (9th Cir. 2007) (holding that, where there was an adequate factual basis for the bankruptcy court's decision, an evidentiary hearing was unnecessary, especially where the party failed to explain what more it would offer at an evidentiary hearing). Thus, the Court rejects Appellant's argument that the Bankruptcy Court erred in approving the settlement without holding a full evidentiary hearing.

### 4. The bankruptcy trustee did not have conflicts of interest in approving the settlement.

Finally, Appellant contends that the Bankruptcy Court erred in granting the bankruptcy trustee's motion to approve the settlement of Appellant's RICO claims because the bankruptcy trustee had conflicts of interest in approving the settlement. Appellant's Br. at 26–32. In making this argument, Appellant alleges that the bankruptcy trustee conspired with the Frazer Creditors against Appellant. *Id.*

However, Appellant did not raise this argument before the Bankruptcy Court and thus waived this argument. *See In re Mortg. Store,* Inc., 773 F.3d 990, 998 (9th Cir. 2014) ("A litigant may waive an issue by failing to raise it in a bankruptcy court."). Moreover, Appellant has not

explained why he did not raise this argument despite having the opportunity to do so. *See In re Ahn*, 804 Fed. App'x 541, 543 (9th Cir. 2020). ("A party's unexplained failure to raise an argument that was indisputably available below is perhaps the least 'exceptional' circumstances warranting our exercise of . . . discretion."). Accordingly, the Court concludes that Appellant's argument is waived.

Even if the Court were to consider this argument on the merits, the Court finds no evidence in the record to support Appellant's claim that the bankruptcy trustee had conflicts of interest. Indeed, the Court notes that Appellant listed his potential RICO claims as against the Frazer Creditors and their attorneys, not the bankruptcy trustee. Appellee's ER 33, 35; *see also id.* at 85 (Appellant's RICO attorney, outlining claims against the Frazer Creditors but not the bankruptcy trustee). Accordingly, the Court concludes the Bankruptcy Court did not err in granting the bankruptcy trustee's motion to approve the settlement of Appellant's RICO claims.

**B. Appellant's Motion to Compel Abandonment of Appellant's RICO claims**

As the "legal or equitable interests of the debtor in property as of the commencement of the case," a debtor's legal claims are the property of the debtor's estate. 11 U.S.C. § 541(a)(1); *Sierra Switchboard Co.*, 789 F.2d at 707 ("The scope of section 541 is broad, and includes causes of action."). Bankruptcy Code § 554(b) provides that "[o]n request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(b).

A party seeking abandonment of estate property bears the burden of showing by a preponderance of the evidence that the property is burdensome or of inconsequential value and benefit to the estate. *In re Viet Vu*, 245 B.R. 644, 650 (9th Cir. BAP 2000). "[A]n order compelling abandonment is the exception, not the rule." *Id.* (quoting *Morgan v. K.C. Mach. & Tool Co.*, 816 F.2d 238, 246 (6th Cir. 1987)).

In the instant case, the Bankruptcy Court properly denied Appellant's motion to compel abandonment of Appellant's RICO claims. Indeed, for the reasons explained above, *supra* Section

10

III(A), the Bankruptcy Court properly approved the settlement of Appellant's RICO claims for $7500. Because Appellant's RICO claims were settled and will not be litigated, Appellant's RICO claims are not burdensome to the estate. Moreover, because Appellant's RICO claims were settled for $7500, Appellant's RICO claims in fact conferred value and benefit to the estate. Thus, the Bankruptcy Court properly denied Appellant's motion to compel abandonment of Appellant's RICO claims.

**IV.   CONCLUSION**

For the foregoing reasons, the Court AFFIRMS the Bankruptcy Court's order regarding Appellant's RICO claims.

**IT IS SO ORDERED.**

Dated: August 13, 2021

*Lucy H. Koh*
_____
LUCY H. KOH
United States District Judge